Mr. Maurice, S. Pipkin Executive Director State Commission on Judicial Conduct 211 Reagan Building Austin, Texas 78711
Re: Whether person appointed county court of law judge pursuant to article 1970-341, section 6 must comply with requirements of elected judge
Dear Mr. Pipkin:
You have asked whether a person who has not been actively engaged in the practice of law for a period of at least four years may be validly appointed judge of the County Court of Law in Hidalgo County.
The County Court at Law of Hidalgo County was created in 1951. See Acts 1951, 52nd Leg., ch. 25, at 33; V.T.C.S. art. 1970-341. The qualifications of the judge thereof are specified in section 6 of article 1970-341, V.T.C.S., which states:
 Sec. 6. There shall be elected in Hidalgo County by the qualified voters thereof, at each general election, a Judge of the County Court at Law of Hidalgo County who shall be a regularly licensed attorney at law in this State, and who shall be a resident citizen of Hidalgo County, and shall have been actively engaged in the practice of law in this State for a period of not less than four (4) years next preceding such general election, who shall hold his office for two (2) years and until his successor shall have been duly elected and qualified. As soon as this Act becomes effective, the Commissioners Court of Hidalgo County shall appoint a Judge to the County Court at Law of Hidalgo County, who shall hold this office as such Judge until the next general election and until his successor is elected and qualified; any subsequent vacancies in the office of the Judge of the County Court at Law of Hidalgo County shall be filled by appointment of the Commissioners Court of Hidalgo County and when so filled, the said Judge shall hold his office until the next general election and until his successor is elected and qualified. (Emphasis added).
While the statute requires that persons elected to the office at each general election shall have practiced law actively for not less than four years immediately preceding their election, it does not expressly require that persons appointed to fill the post have practiced law for that length of time prior to their appointment. In our opinion, however, it does impose this requirement by reasonable and necessary implication.
The title of the act creating the court stated it to be, inter alia, `[a]n act creating the County Court at Law of Hidalgo County . . . and the election, qualification, appointment and removal of a judge thereof.' The title gives no notice that the qualification of an appointed judge was meant to be different or less demanding than the qualification of an elected judge. On the contrary, it suggests affirmatively that the qualification requirements and the standards for removal apply to elected and appointed judges alike.
In our opinion, a person who has not been actively engaged in the practice of law for a period of at least four years next preceding his appointment may not be validly appointed judge of the County Court at Law in Hidalgo County. See Code Crim. Proc. art. 30.03.
 SUMMARY
A person who has not been actively engaged in the practice of law for a period of at least four years next preceding his appointment may not be validly appointed judge of the County Court at Law in Hidalgo County.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Susan L. Garrison Assistant Attorney General